IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

SEOK HWI CHA,

     **Plaintiff,**

    **v.**

**CIVIL ACTION FILE
No. 1:16-cv-0485-SCJ**

**YP'S KANI, INC., d/b/a Kani House,**

    **Defendant.**

## ORDER

This matter is before the Court as a result of the motion for summary judgment filed by Defendant YP's Kani, Inc. ("Kani").  Doc. No. [59].  Kani has also filed a motion to seal an affidavit submitted by *pro se* Plaintiff Seok Hwi Cha ("Cha").  Doc. No. [66].  The Court addresses the motion to seal first.

## I.   MOTION TO SEAL

In conjunction with Plaintiff Cha's response to Kani's motion for summary judgment, he filed a document that contains his own affidavit, his responses to Kani's interrogatories, spreadsheets with his calculation of

overtime owed to him, and a settlement letter from Kani.  See Doc. No. [65].  At issue here is the settlement letter.  Kani moved to seal the document because the settlement letter is marked "HIGHLY CONFIDENTIAL" and is inadmissible under Federal Rule of Evidence 408.  Doc. No. [66].  Rule 408 prohibits using any evidence of settlement offers to establish the amount of a disputed claim.  Fed. R. Evid. 408(a).  As Cha submits the settlement letter in an attempt to prove the value of his case, it is inadmissible as evidence. Therefore, the Court finds good cause to maintain Cha's document under seal.

## II.   SUMMARY JUDGMENT

### A.   Legal Standard

Federal Rule of Civil Procedure 56(a) provides "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  A factual dispute is genuine if the evidence would allow a reasonable jury to find for the nonmoving party.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  A fact is "material" if it is "a legal element of the claim under the applicable substantive law which might affect the outcome of the case."  Allen v. Tyson Foods, Inc., 121 F.3d 642, 646 (11th Cir. 1997).

The moving party must show, by reference to materials in the record, there is no genuine dispute as to any material fact that should be decided at trial.  Hickson Corp. v. N. Crossarm Co., 357 F.3d 1256, 1260 (11th Cir. 2004) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)).  If the non-moving party bears the burden of proof on an issue, then the moving party can discharge its initial burden by either: (1) showing an absence of evidence in the record to support an essential element of the non-moving party's case, or (2) introducing evidence to show that the non-moving party cannot prove its case. Fitzpatrick v. City of Atlanta, 2 F.3d 1112, 1115–16 (11th Cir. 1993).  However, if the moving party bears the burden of proof on an issue, it must affirmatively produce evidence showing no reasonable jury could find for the non-moving party.  Id. at 1115.  When determining if the moving party has met its burden, the court must consider the facts in the light most favorable to the non-moving party.  See Robinson v. Arrugueta, 415 F.3d 1252, 1257 (11th Cir. 2005).

If the moving party adequately supports its motion, the non-moving party has the burden of showing summary judgment is improper by coming forward with specific facts to show a genuine dispute.  Matsushita Elec. Indus.

3

<u>Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 587 (1986).  All reasonable doubts are resolved in the favor of the nonmoving party.  <u>Fitzpatrick</u>, 2 F.3d at 1115.

**B.   <u>Factual Findings</u>**

In light of the foregoing standard, the Court finds the following facts for the purpose of resolving Defendant's motion for summary judgment.[1]  Kani is a family-owned and operated Japanese restaurant that offers, among other things, unique sushi stylings from its sushi chefs.  Doc. No. [59-2], p. 2, ¶3.  Kani hires trained sushi chefs to prepare sushi creations customized to customers' personal tastes.  Doc. No. [59-2], p. 2, ¶4.  Kani hired Plaintiff as a sushi chef at its Mall of Georgia location on February 22, 2015.  Doc. No. [59-2], p. 3, ¶5.

---

[1] Plaintiff Cha did not respond to Defendant Kani's Statement of Undisputed Material Facts (Doc. No. [59-1]) in the form required by the Local Rules of the Northern District of Georgia.  <u>See</u> NDGa LR 56.1.B(2).  He did, however, filed a response that includes sections titled, "DESCRIPTION OF DEFENDANT'S FALSE STATEMENT" and "THE PLAINTIFF'S STATEMENT OF FACTS."  Doc. No. [64], pp. 7–9; 10–18.  The Court has the authority to overlook a party's failure to comply with Local Rule 56.1 and to consider materials in the record other than those cited by the parties.  <u>See</u> Fed. R. Civ. P. 56(c)(3); <u>Reese v. Herbert</u>, 527 F.3d 1253, 1270–71 (11th Cir. 2008).  Therefore, to the extent that Cha did not refute Kani's facts, the Court deems each unrefuted fact admitted, unless it found the fact was not supported by the record citation.  NDGa LR 56.1.B(2)(a)(2).

Prior to his employment with Kani, Plaintiff worked as a sushi chef at other sushi establishments. Doc. No. [59-3], pp. 5–6. Plaintiff underwent professional training in Japanese cuisine before working for Kani. Doc. No. [59-3], p. 6. While living in Korea, Plaintiff attended Japanese cuisine training classes. Doc. No. [59-3], pp. 6–7. Plaintiff passed a culinary test and received an official certificate from the Korean government. Doc. No. [59-3], pp. 6–7.

Sushi is a precise form of Japanese cuisine that requires more than a general ability to be successful. Doc. No. [59-2], p. 3, ¶7. Kani hired Plaintiff based particularly on his prior experience and training as a sushi chef. Doc. No. [59-2], p. 3, ¶8. As a sushi chef, Plaintiff regularly interacted with customers and created unique dishes for his customers based on their specific requests. Doc. No. [59-2], p. 3, ¶6. Plaintiff prepared unique sushi dishes and offered creative suggestions to Kani about the items on their sushi menu. Doc. No. [59-2], p. 3, ¶6. While working at Kani, Plaintiff had the opportunity to express himself artistically through the creation of his sushi dishes and through his role in assisting to create the sushi menu. Doc. No. [59-2], p. 3, ¶9.

At all times during his employment with Kani, Plaintiff was paid a salary in excess of $455.00 per week. Doc. No. [59-2], pp. 3–4, ¶12. Throughout his

employment with Kani, Plaintiff received a monthly salary that did not vary based on hours worked. Doc. No. [59-2], p. 3, ¶10. Kani management intended for Plaintiff's salary to include all hours worked, including those over forty, and made it clear that Plaintiff would only receive his salary. Doc. No. [59-2], p. 4, ¶14. Plaintiff alleges Kani promised to pay him a salary of $2,800.00 per month. Doc. No. [59-3], p. 10. From February through May of 2015, Kani paid Plaintiff $2,600.00 per month, regardless of the number of days or hours worked. Doc. No. [59-2], p. 3, ¶¶10–11. Beginning in May of 2015, Kani paid Plaintiff $2,700.00 per month, regardless of the number of days or hours worked. Doc. No. [59-2], p. 3, ¶¶10–11. Plaintiff's salary did not vary based on the specific tasks he performed, and Kani never reduced his salary due to variations in the quantity or quality of his work. Doc. No. [59-2], p. 3, ¶10. Kani management never told Plaintiff he was entitled to overtime wages and made it clear that Plaintiff would receive only his salary. Doc. No. [59-2], p. 4, ¶14. Plaintiff accepted his paychecks each month and never complained to management about not receiving $2,800.00 per month. Doc. No. [59-2], p. 4, ¶15. Plaintiff never talked with or complained to Kani management about having an issue with his salary, compensation, or overtime wages. Doc. No.

6

[59-2], p. 4, ¶15.   Despite Plaintiff's prior training and experience, Kani

determined his work performance was less than satisfactory.  Doc. No. [59-2],

p. 4, ¶16.  Kani terminated Plaintiff's employment on January 16, 2016.  Doc.

No. [59-2], p. 4, ¶17.

    **C.**   **<u>Discussion</u>**

    Defendant Kani seeks summary judgment on several issues.  First, it asks

the Court to find that Plaintiff Cha is not entitled to overtime wages under the

FLSA because Kani properly classified him as a "creative professional."  Doc.

No. [59-4], pp. 6–13.  Second, in the event that the Court does not find that

Plaintiff Cha is exempt from the FLSA as a matter of law, Kani requests the

Court declare that any back pay should be calculated at the half-time rate.  <u>Id.</u>

at 13–17.  Third, Kani asserts summary judgment is appropriate on Plaintiff

Cha's breach of contract claim because he waived the right to assert this claim

by not complaining about his salary to Kani management.  <u>Id.</u> at 17–19.  Finally,

Kani asks the Court to enter summary judgment on Plaintiff Cha's claims for

unpaid break time, unpaid tips, and unpaid taxes (to the extent that Plaintiff

Cha intends to assert these claims), because there is no factual or legal basis for

such claims.  <u>Id.</u> at 19–21.

### 1.      *Creative Professional Exemption*

The FLSA requires employers to provide overtime compensation for all hours worked by an employee in excess of forty hours per workweek.  29 U.S.C. § 207(a).  Certain types of employees are exempted from the FLSA's overtime provisions.  See 29 U.S.C. § 213.  Particularly, the provisions do not apply to "any employee employed in a bona fide . . . professional capacity."  29 U.S.C. § 213(a)(1).  The Code of Federal Regulations defines "employee employed in a bona fide professional capacity" as one who is compensated on a salary basis of not less than $455 per week and "[w]hose primary duty is the performance of work . . . requiring invention, imagination, originality or talent in a recognized field of artistic or creative endeavor."  29 C.F.R. § 541.300(a)(1), (2).  "[E]xemption as a creative professional depends on the extent of the invention, imagination, originality or talent exercised by the employee," and must be determined on a case-by-case basis.  29 C.F.R. § 541.302(c).  The Department of Labor's interpretation of these regulations (to which the Eleventh Circuit gives deference) notes that "there is a wide variation in duties of chefs," and "the creative professional exemption extend[s] only to truly 'original' chefs, such as those who work at five-star or gourmet establishments" and who "regularly

creat[e] or design[ ] unique dishes and menu items."  Defining and Delimiting the Exemptions for Executive, Administrative, Professional, Outside Sales and Computer Employees, 69 Fed. Reg. 22122, 22154 (Apr. 23, 2004) (to be codified at 29 C.F.R. pt. 541); see also Falken v. Glynn County, 197 F.3d 1341, 1350 (11th Cir. 1999) ("We must defer to the DOL's interpretation of its FLSA regulations unless the interpretation is plainly erroneous or inconsistent with the regulation.") (internal quotation omitted).

It is Kani's burden to establish that the creative professional exemption applies.  See Morgan v. Family Dollar Stores, Inc., 551 F.3d 1233, 1269 (11th Cir. 2008).  Therefore, Kani must produce affirmative evidence such that no reasonable jury could find in favor of Plaintiff Cha on this issue.  Even construing the exemption under a "fair (rather than a 'narrow') interpretation," Kani fails to meet this burden.  Encino Motorcars, LLC v. Navarro, 138 S. Ct. 1134, 1142, 200 L. Ed. 2d 433 (2018).

The facts presented by Kani establish that Plaintiff Cha's salary exceeded the exemption requirement of $455 per week.  Doc. No. [59-1], p. 3, ¶13. However, Kani fails to show that Plaintiff's primary duty required the type of invention, imagination, originality or talent described in the FLSA and the

Code of Federal Regulations.  Kani describes Cha's duties as follows: he "regularly interacted with customers and created unique dishes for his customers based on their specific requests," he "prepared unique sushi dishes and offered creative suggestions" about menu items, and he "had the opportunity to express himself artistically through the creation of his sushi dishes and through his role in assisting to create the sushi menu." Id. at 2–3, ¶¶10, 11, 12.  Viewing these facts in the light most favorable to Plaintiff Cha, the Court cannot say no dispute of fact exists regarding Cha's classification.

Kani has established that Cha's job involved customizing dishes for customers and offering menu suggestions.  However, taken in the light most favorable to Cha, this could simply mean that he substituted avocado for cucumber at a customer's request and that he gave suggestions that were not necessarily acted on.  The Code of Federal Regulations makes clear that a creative professional's **primary** duty must **require** invention, imagination, originality, or talent.  See 29 C.F.R. § 541.300(a)(2).  Kani's undisputed facts do not show that Cha's "creative" contributions were his primary duty, nor that his job required such contributions.  Nothing in the facts presented by Kani establishes that Cha was a "truly original chef" who "regularly created unique

10

dishes."   See Defining and Delimiting the Exemptions for Executive, Administrative, Professional, Outside Sales and Computer Employees, 69 Fed. Reg. at 22154.   Rather, the evidence viewed most favorably to Cha shows he was a typical sushi chef, preparing dishes listed on the menu that were created by someone else and responding to customers' requests to make changes to those dishes.   A reasonable jury could find that Kani misclassified Cha under the FLSA.   Therefore, Kani's motion for summary judgment regarding the creative professional exemption is **DENIED**.

### 2.     *Back Pay Calculation at Half-Time Rate*

Kani also seeks summary judgment regarding the method of calculating any overtime wages that may be due to Cha.   Doc. No. [59-4], pp. 13–17.   The FLSA requires that for all hours worked in excess of forty hours in a workweek, employers compensate employees "at a rate not less than one and one-half times the regular rate at which he is employed."   29 U.S.C. § 207(a)(1); see also 29 C.F.R. § 778.107.   While the FLSA does not require that employers pay employees on an hourly basis, it does require that the "regular rate" be calculated on an hourly basis.   29 C.F.R. § 778.109.   "The regular hourly rate of pay of an employee is determined by dividing his total remuneration for

employment . . . in any workweek by the total number of hours actually worked by him in that workweek . . . ."  Id.  When employees are paid on a salary basis, the employer must still calculate a regular hourly rate in order to compensate for overtime.  See 29 C.F.R. § 778.113.  If an employee's salary is intended to compensate them for all the hours worked, no matter how many,

> the regular rate . . . will vary from week to week and is determined by dividing the number of hours worked in the workweek into the amount of the salary to obtain the applicable hourly rate for the week.  Payment for overtime hours at one-half such rate in addition to the salary satisfies the overtime pay requirement because such hours have already been compensated at the straight time regular rate, under the salary arrangement.

29 C.F.R. § 778.114(a); see also Lamonica v. Safe Hurricane Shutters, Inc., 711 F.3d 1299, 1312 (11th Cir. 2013).

The facts in this case show that Plaintiff received a monthly salary that was intended to compensate him for all hours worked, regardless of how many. Therefore, the salary that he received already compensated him for his regular rate of pay and calculating unpaid overtime at the one-half rate would be

appropriate.  Kani's motion for summary judgment on the issue of half-time back pay is **GRANTED**.

### 3.   *Waiver of Breach of Contract Claim*

Kani asserts that Plaintiff Cha "has waived the right to assert [a breach of contract] claim by failing to complain when he received less salary than he alleges he was entitled to and by accepting the lesser payment for the entirety of his employment."  Doc. No. [59-4], p. 18.  While it will be Plaintiff Cha's burden to establish the elements of a breach of contract claim at trial, it is Kani's burden to establish any affirmative defense to that claim.  See Int'l Stamp Art, Inc. v. U.S. Postal Serv., 456 F.3d 1270, 1274 (11th Cir. 2006).  Therefore, Kani must produce affirmative evidence to show that no reasonable jury could find in Cha's favor.  Kani fails to meet that burden.

To establish that Cha waived a breach of contract claim, Kani must show that the only reasonable explanation for Cha failing to complain about the difference in his pay is that he intended to waive such a claim.  MNM 5, Inc. v. Anderson/6438 Northeast Partners, 215 Ga. App. 407, 410, 451 S.E.2d 788 (1994) ("A party may by his conduct waive a legal right but where the only evidence of an intention to waive is what a party does or forbears to do, there is no waiver

unless his acts or omissions to act are so manifestly consistent with an intent to relinquish a then-known particular right or benefit that no other reasonable explanation of his conduct is possible.").  As the only fact that Kani offers to support its argument is that Plaintiff Cha accepted his pay without complaining to management, the Court cannot say that a jury could not find any other reasonable explanation for his behavior.  Cha may not have complained because he feared being fired, or did not think he needed to complain before bringing a breach claim, or any number of other reasons.

Kani has not produced enough affirmative evidence to establish as a matter of law that Cha waived his breach of contract claim.  Therefore Kani's motion for summary judgment on the issue of waiver is **DENIED**.

### 4.  *Other Claims*

Finally, Kani seeks summary judgment on Cha's "other potential claims," such as unpaid break time, unpaid tips, and unpaid taxes.  Doc. No. [59-1], pp. 19–20.  Kani asserts that Plaintiff "admitted in his deposition that he does not have any basis" for such claims.  Id. at 20.  Furthermore, Kani contends that Cha is not entitled to recover unpaid tips because he was not a tipped employee and was paid significantly higher than the minimum wage.  Id.

14

Kani first points to an "admission" of a lack of evidence on Cha's part. However, an examination of the deposition testimony cited by Kani reveals that it does not fully support Kani's interpretation.  See Doc. No. [60], pp. 26–27; 41–42; 43–45.  In response to questions regarding tips, breaks, and taxes, Cha repeatedly said, "I don't know well," and "I do not remember."  In fact, these refrains were Cha's answer to almost every question in his deposition. The facts must be viewed in the light most favorable to Cha, and construing "I don't know well" to mean "I have no evidentiary basis for my claims" is a stretch.  The Court cannot say that Cha admitted he has no basis for his claims.

Furthermore, it is not entirely clear whether Cha is attempting to bring independent claims for unpaid breaks and unpaid taxes, or whether his statements are simply related to his overtime and breach of contract claims. Neither the FLSA nor Georgia law requires employers to provide meal or rest breaks, and federal tax law holds employees responsible for paying their withholding taxes where an employer fails to do so.  Thus, as independent claims, these claims cannot succeed.

However, whether or not Cha took breaks for which he was not paid, impacts calculating Cha's regular rate for his overtime claims.  Additionally,

whether or not Kani agreed to pay taxes on his behalf relates to Cha's breach of contract claim.   Despite the confusing nature of Cha's response to Kani's motion for summary judgment,[2] he does put forth factual evidence.   Cha's response includes sections titled "DESCRIPTION OF DEFENDANT'S FALSE STATEMENT" and "THE PLAINTIFF'S STATEMENT OF FACTS," which the Court roughly construes as a response to Kani's statement of facts and Cha's own statement of facts.   Doc. No. [64], pp. 7–9; 10–18.   The evidence included in these sections shows Cha working from "Open" to "Close" five days a week.[3]

Id. at 10.   Kani generally operated from 11:30 a.m. (or 12:00 p.m. on weekends)

---

[2]  Cha's response is thirty-three pages, exceeding the page limit set by the local rules, and does not comply with formatting rules.  See NDGa LR 5.1, 7.1.D.  Cha also failed to file a response to Kani's statement of undisputed facts or his own statement of additional facts.  See NDGa LR 56.1.B(2).  His response spends many pages outlining his opinions about this lawsuit and alleged illegal acts on Kani's part for which no private right of action exists.  For example, Cha accuses Kani of hiring undocumented workers.  See Doc. No. [64], pp. 3–7.  While this information may be of interest to Immigration and Customs Enforcement or the Internal Revenue Service, the Court is not aware of any federal statute that provides individuals a private right of action against employers who hire illegal immigrants or pay them cash under the table without withholding taxes.

[3]  Kani notes in its reply brief that Cha did not cite to record evidence in his response brief.  Doc. No. [67], p. 2.  However, in keeping with construing the briefing of pro se parties liberally, the Court considers the embedded evidence (charts, pictures, certificates, etc.) as record evidence.

to 10:00 or 11:00 p.m. every day.  Id. at 8.  Calculating the number of hours Cha

worked each day requires knowing, in part, whether or not any break time

should be deducted.  Cha also states that Kani deducted money from his pay

for taxes, but did not pay that money to the Internal Revenue Service.  Id. at 16.

If Kani agreed to pay Cha $2800 per month and to deduct taxes from that

amount, then its failure to pay these taxes is relevant to Cha's breach claim.  To

the extent that breaks and taxes are relevant to Cha's overtime and breach of

contract claims, he may present evidence on such matters at trial.  However, to

the extent they are intended as independent claims, Kani's motion for summary

judgment is **GRANTED**.

Kani's argument regarding Cha's claim for unpaid tips also warrants

summary judgment.  The tip provisions of the FLSA apply to employees when

the employee makes less than the minimum wage and the employer takes the

tip credit.  29 U.S.C. § 203(m); see also Malivuk v. Ameripark, LLC, No. 1:15-

cv-2570-WSD, 2016 WL 3999878, at *3 (N.D. Ga. July 26, 2016).  No evidence in

the record suggests that Kani took the tip credit for Plaintiff Cha.  Thus, Kani's

request for summary judgment on claims regarding unpaid tips is **GRANTED**.

17

III.    **CONCLUSION**

Defendant Kani's Motion to Seal Affidavit is **GRANTED**.  Doc. No. [66].

The Clerk is **DIRECTED** to maintain Doc. No. [65] under seal.  Defendant

Kani's Motion for Summary Judgment is **GRANTED IN PART** and **DENIED**

**IN PART**.  The motion is granted with respect to calculation of overtime

damages at the half-time rate and to any independent claims for unpaid breaks,

tips, or taxes.  The motion is denied with respect to Cha's classification as a

creative professional and as to waiver of his breach of contract claim.

The parties are **ORDERED** to file their consolidated pre-trial order

within **thirty (30) days** of the entry of this order.  <u>See</u> NDGa LR 16.4.  In defining

the issues for trial, the parties are cautioned to be consistent with the Court's

rulings about what claims are not viable and what claims may move forward.

**IT IS SO ORDERED** this 20th day of July, 2018.


s/Steve C. Jones_____
**HONORABLE STEVE C. JONES**
**UNITED STATES DISTRICT JUDGE**


18